OPINION
Appellant Brian Neroni appeals the decision of the Morrow County Court of Common Pleas that imputed income on his behalf based on the court's finding that appellant voluntarily incurred a decrease in income. The following facts give rise to this appeal. The parties to this appeal were married on August 6, 1977. Three children were born as issue of the marriage: Jesse Neroni, Kyle Neroni and Kahleigh Neroni. The parties separated in September 1996 and appellant filed for divorce on November 18, 1997. The magistrate conducted a final hearing in this matter on July 24, 1998. At this hearing, appellant testified that he is employed as a roofer in the Rochester, New York area and earns an income of $8 an hour and works approximately thirty-five hours a week. The magistrate issued her decision on August 3, 1998. Appellant filed objections to the magistrate's decision which the trial court overruled on October 22, 1998. Appellant subsequently filed a timely appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY IMPUTING INCOME TO THE DEFENDANT. THIS DECISION IS CONTRARY TO THE LAW OF THE STATE OF OHIO.
 I
Appellant contends the trial court erred when it imputed income to him in the amount of $18,200 based on an hourly rate of $10 an hour. We disagree. The standard of review of an appellate court in a domestic relations matter concerning child support is abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. We must look to the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. The magistrate imputed income to appellant on the basis that he is voluntarily underemployed. Magistrate's Proposed Decision at 2-3. The magistrate based this decision on the following testimony elicited at the final hearing: THE COURT: You said that you were fired. Can you tell me why they fired you?
MR. NERONI: Sure, I beat up his brother-in-law. There was words conversed between the two of us and it came down to I had a bad attitude, and he relieved me of my job for that. Tr. Final Hrng. at 15.
The trial court affirmed the magistrate's decision finding appellant's underemployment to be voluntary. In support of this conclusion, the trial court referred to the fact that incarceration is deemed voluntary and does not warrant a modification of child support. Judgment Entry, Oct. 22, 1998, at 2. R.C. 3113.215(A)(5)(a) addresses imputed income and provides: Imputed income that the Court or Agency determines the parent would have earned if fully employed as determined from the parent's employment potential and probable earnings based on the parent's recent work history, the parent's occupational qualifications, and the prevailing job opportunities and salary levels in the community in which the parent resides.
The leading case in Ohio addressing the issue of imputed income is Rock v. Cabral (1993), 67 Ohio St.3d 108. In the Rock case, the Ohio Supreme Court held: Whether a parent is `voluntarily underemployed' within the meaning of R.C. 3113.215(A)(5), and the amount of `potential income' to be imputed to a child support obligor, are matters to be determined by the trial court based upon the facts and circumstances of each case. The determination will not be disturbed on appeal absent an abuse of discretion. Id. at syllabus.
The Court explained that in calculating and awarding child support, a trial court must consider the "potential income" as well as the gross income of a parent the trial court determines to be voluntarily unemployed or underemployed. Id. at 111. "Potential income", for purposes of calculating child support, is based on the amount the parent would have earned if he or she had been fully employed. Id., citing R.C. 3113.215(A)(5)(a). This amount is to be determined by the parent's potential and probable earnings based on the parent's recent work history, job qualifications, and the prevailing job opportunities and salary levels in the community in which the parent resides. Id. Appellant testified that he earned $10 an hour employed as a roofer, in the Rochester, New York area, until he was fired. Tr. Final Hrng. at 13. After he was re-hired, by the same employer, his hourly rate is $8 an hour. Id. Appellant testified that the hourly rate for a roofer in the Rochester, New York area is up to $12 an hour. Id. at 14. Appellant explained that in Rochester, employment opportunities in his field are limited because of major lay-offs at GM, Kodak, Xerox and IBM. Id. at 14. Appellant contends the case sub judice is similar to Higgins v. Higgins (July 7, 1993), Licking App. No. 92-CA-132, unreported. We find our decision, in Higgins, distinguishable. The appellant, in Higgins, did not actively engage in conduct that resulted in his termination or demotion in employment. Higgins at 1. However, the evidence presented at the final hearing indicates Appellant Neroni did engage in conduct that resulted in his termination from employment and subsequent rehire at a lower rate of pay. Based on the evidence presented at the final hearing, we find the trial court did not abuse its discretion when it imputed income, to appellant, of $18,200, based on an hourly rate of $10 an hour. Appellant made this amount prior to being fired from his job and admitted that roofers in the Rochester, New York area can make up to $12 an hour. Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Morrow County, Ohio, is hereby affirmed.
By: Wise, P.J. Hoffman, J., and Edwards, J., concur.